COURT OF 
APPEALS
SECOND DISTRICT OF 
TEXAS
FORT WORTH  
NO. 
2-05-064-CR    
PAUL 
GRAHAM                                                                     APPELLANT  

V.  
THE STATE OF 
TEXAS                                                                  STATE  
  
------------  
FROM COUNTY CRIMINAL COURT NO. 7 OF TARRANT 
COUNTY  
------------  
MEMORANDUM OPINION[1]  

------------
        On 
February 3, 2005, Paul Graham pled nolo contendere to the misdemeanor offense of 
driving while intoxicated and, pursuant to a plea bargain agreement, was 
sentenced to an $800 fine and 120 days’ confinement, probated for two 
years.[2]  On 
March 4, 2005, the trial court entered its certification of Appellant’s right to 
appeal in accordance with Rule 25.2(a)(2).  See Tex. R. App. P. 25.2(a)(2).  The 
certification states that this “is a plea-bargain case, and the defendant has NO 
right of appeal.”
        On 
March 2, 2005, Appellant filed a notice of appeal.  On March 8, 2005, we 
notified Appellant that the certification indicating he had no right to appeal 
had been filed in this court and that this appeal would be dismissed unless 
Appellant or any party desiring to continue the appeal filed with the court a 
response showing grounds for continuing the appeal.  See Tex. R. App. P. 25.2(d), 44.3. No 
response has been filed.
        Rule 
25.2(a)(2) limits the right to appeal in a plea bargain case to those matters 
that were raised by written motion filed and ruled on before trial or after 
getting the trial court’s permission to appeal.  See Tex. R. App. P. 25.2(a)(2)(A)-(B).  
According to the trial court’s certification, neither of these circumstances 
apply because it states that there is no right of appeal.
        
Because Appellant has no right to appeal, we dismiss the appeal. 
See Tex. R. App. P. 
43.2(f).
    
                                                                  PER 
CURIAM    
PANEL D: HOLMAN, GARDNER, AND WALKER, 
JJ.  
DO NOT PUBLISH
Tex. R. App. 
P. 47.2(b)  
DELIVERED: April 14, 2005



NOTES
1.  Tex. R. App. 
P. 47.4.
2.  The trial court’s judgment does not reflect the existence of 
a plea bargain agreement. However, the record contains a document titled “Waiver 
of jury trial - Waiver of ten days to prepare for trial - Court’s admonishment - 
Waiver of pre-sentence report and plea agreement.” This document was signed by 
Appellant and his attorney on the day of trial and reflects an agreed 
recommendation of an $800 fine and 120 days’ confinement, probated for two 
years.